STATE OF MAINE                                          SUPERIOR COURT
                                                        CIVIL ACTION
KENNEBEC, ss.                                           DOCKET NO. AP-01-32
                                                        DHM- KEN- 1/31/2002

DANNY L. TIPSWORD,

        Petitioner

        v.                                              **DECISION AND ORDER**

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,

        Respondent


This matter is before the court on Petition for Review of Final Agency Action pursuant to 5 M.R.S.A. §§ 11001-11008, 26 M.R.S.A. §§ 1041-1251 and M.R. Civ. P. 80C.

In August, 2000, the petitioner had been a union tinsmith in the sheet metal shop of Bath Iron Works since May of 1981. Upon expiration of his union's contract with Bath Iron Works (BIW) on August 27, 2000, the union went on strike. While participating in the union's picket line, the petitioner yelled offensive comments at non-striking BIW employees. Alleging that his comments were threatening and intimidating and in violation of long-standing company rules that were recited in the contract, BIW fired Tipsword. While there was evidence of complaints from other employees, only one employee participated in the factfinding hearings that he experienced fear and intimidation from the petitioner's comments on the picket line. Subsequent to the firing, petitioner applied for unemployment benefits which were denied by the Deputy in accordance with statute. The matter was appealed to an Administrative Hearing Officer who overturned the Deputy's denial and found that Tipsword's conduct did not fall within the statutory meaning of misconduct as provided in 26 M.R.S.A. §§ 1043(23) and 1193(2). BIW appealed this determination to the full Maine Unemployment

Insurance Commission which set aside the Administrative Hearing Officer's findings and determined that petitioner's behavior did constitute misconduct connected to his employment and that he was, therefore, disqualified him from receiving unemployment benefits. Petitioner now seeks judicial review of the Commission's decision pursuant to M.R. Civ. P. 80C.

Tipsword argues the Commissioner erred as a matter of law in finding his behavior amounted to misconduct as defined. First, he maintains that the Commission failed to consider his behavior in the proper context. He asserts that the Commission should use a more relaxed standard of culpability under strike conditions and in support therefor cites a series of National Labor Relations Board cases that he contends support the granting of a certain amount of latitude when evaluating picket line conduct. He urges the court to adopt the standard of misconduct used by the 1st Circuit, which distinguishes between "hurling crude epithets" and threats of physical violence. *Associated Grocers of New England v. NLRB*, 562 F. 2d 1333, 1334 (1st Cir. 1977). His behavior, he argues, involved no more than crude epithets and the Commission erred in allowing one employee's subjective reaction of fear and intimidation to determine the outcome of the case. Petitioner believes the Commission committed clear error when it failed to take all of the surrounding circumstances into account.

Secondly, petitioner claims the Commission had insufficient evidence to show his conduct manifested a disregard for the "material interest" of his employer. This challenges the finding by the Commission that the interests of BIW in maintaining a certain employee standard, workplace stability, and a safe atmosphere were all disregarded by the petitioner through his conduct on the picket line.

Tipsword further points to the Commission's consideration of eight incident reports as a clear error of law. The reports were never admitted into evidence, the Commission never examined the content of the reports, and the existence of the reports was based on hearsay testimony. As a result, the petitioner could not confront the contents of the reports nor can a reviewing court examine the evidence of the substance of the reports for sufficiency.

Finally, petitioner argues the Commission erred in its reliance on the statutory presumption of misconduct under 26 M.R.S.A. § 1043 (23)(A)(2-3) because the employee's alleged violation of the rules occurred after the expiration of the collective bargaining agreement. Without explicit rules in place and notice to the employee, he argues, the employer is not entitled to the statutory presumption of misconduct.

In its brief, BIW focuses solely on whether or not petitioner's behavior could be interpreted as a protected activity under strike conditions. BIW urges the court to consider the standards used by the 1st Circuit in interpreting the National Labor Relations Act and argues that Tipsword's behavior under these standards is more egregious than mere name-calling; they assert that the Commission correctly determined the activity to constitute verbal intimidation.

Title 26 M.R.S.A. § 1194(8) provides that a person aggrieved by a decision of the Commission may appeal the same by commencing an action in the Superior Court. In such an action, the Commission must be made a party defendant to any such appeal. The Commission urges the court to follow the test for employee misconduct established by the Law Court in *Moore v. Maine Dept. of Manpower Affairs*, 388 A.2d 516 (Me. 1978) (holding that a waitress talking excessively with customers, despite warnings, was not misconduct) and *Forbes-Lilley v. MUIC*, 643 A.2d 377 (Me. 1994)

3

(finding that a truck driver's negligent causation of car accident constituted misconduct). Under *Moore*, an employee's violation of the employer's rules is not misconduct *per se*. Instead, the employee's conduct must be unreasonable under all circumstances when viewed objectively. *Forbes-Lilley* also embraces the objective standard in considering whether the employee's conduct amounted to an intentional disregard of the employer's interests.

Applying *Moore* to the case at hand, the Commission points out that BIW had rules prohibiting violent conduct, including threatening or intimidating behavior. Although the contract containing those rules had expired, the Commission argues that it was reasonable for an employer to expect the rules to continue to be observed while contract negotiations were taking place. In addition, the Commission relied on the statutory presumption of misconduct provided in 26 M.R.S.A § 1043(23)(A)(3), which allows the presumption to be based on rules "that should be inferred to exist from common knowledge or from the nature of the employment." The Commission contends that threatening and intimidating behavior exceeds any presumed rules in any employment setting.

Further, the Commission argues that it did consider the employee's behavior in light of the surrounding circumstances as evidenced by the finding that the "employee's behavior rises above the level one might classify as permissible striking behavior." Commission Decision, 01-C-00281, p. 5. The Commission also found that "[a]lthough the claimant was on strike . . . he still disregarded his employer's material interest." Id.

Finally, the Commission argues that any reliance on NLRB cases is inappropriate as those cases are based on federal law and consider misconduct in a context of the law of reinstatement after a strike, not as grounds for disqualification from receiving

4

unemployment benefits. The argument is that the proper basis for evaluation of any Commission decision is to be found in Maine Employment Security Law at 26 M.R.S.A. §§ 1041-1251 (Supp. 2001).

When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, this court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Services*, 664 A.2d 369, 370 (Me. 1995). In reviewing the decisions of an administrative agency, the court should "not attempt to second-guess the agency on matters falling within its realm of expertise" and the court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me. 1991). The focus on appeal is not whether the court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence which supports the result reached by the agency. *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶6, 703 A.2d 1258, 1261. *See also Clarke v. Maine Unemployment Ins. Comm'n*, 491 A.2d 549, 552 (Me. 1985) (stating that the "reviewing court must examine the entire record to determine whether on the basis of all the testimony and exhibits before the agency it could fairly and reasonably find the facts as it did"). Credibility determinations are also the exclusive province of the Commission. *See Sprague Electric Co. v. Maine Unemployment Insurance Comm.*, 544 A.2d 728, 732 (Me. 1988).

A determination of whether violation of company policy comprises misconduct under the Employment Security Law connected with work requires a two-prong analysis: a determination not only that the employer has a reasonable standard for

5

discharge, but also that the employee acted unreasonably in failing to meet that standard. For purposes of this analysis, reasonableness is an objective standard based on the circumstances of the case. *Wellby Super Drug Stores, Inc. v. Maine Unemployment Insurance Commission,* 603 A.2d 470 (Me. 1992); *see also Forbes-Lilley v. Maine Unemployment Insurance Comm.,* 643 A.2d 377, 379 (Me. 1994). The employer bears the burden of proving that the employee engaged in misconduct as defined by that law. *See Sprague Electric Co. v. Maine Unemployment Insurance Comm.,* 526 A.2d 618, 619 (Me. 1988). This court's review of the Commission's order is limited to a determination of whether there was competent evidence to support the Commission's findings and whether the Commission has applied the correct law to those findings.

This court must affirm the finding of misconduct by the Commission. The evidence adduced by BIW, even limited to the employee testimony and videotape of the picket line, is sufficient competent evidence to support its conclusions. By any objective standard, the demeanor of the petitioner and the words used were clearly intended to intimidate a non-striking employee. Since there is no evidence of any previous relationship between the company's witness and the petitioner, the words and actions can have no other purpose but that of intimidation. It cannot be argued that a policy prohibiting such conduct between employees is not fundamental to a safe and productive workplace and are certainly reasonable standards by any objective examination. Standing alone, the videotape displays conduct unquestionably attributable to the petitioner that was designed to evoke intimidation. This evidence of the employer's witness and the videotape standing alone negates the role of the eight incident reports not admitted into evidence. While the Commission mentions the eight incident reports in its summary of the facts of the case and the refusal of the other

6

employees to testify in the proceedings, there is no further mention of them in the report and no indication they were improperly considered in the Commission's analysis of Tipsword's behavior. By removing the evidence of the existence of the incident reports, the evidence still is competent and sufficient to support the Commission's findings.

The court does not agree that there is a relaxed standard under the law of Maine of an employee's behavior during the conduct of a strike but does agree that the existence of the strike and the picket line are part of the entire context of circumstances surrounding the misconduct. Indeed, on an individual one-on-one basis its conceivable that petitioner's conduct would be less intimidating than conducted in the presence of a large number of similar striking employees addressing themselves to the non-striking employees.

As a technical matter, the expiration of the contract within which the policies and questions are contained could technically remove the statutory presumption contained in 26 M.R.S.A. § 1043(23)(A)(3), in that the specific rules communicated to the employees by the union contract could also be argued to have expired. However, this error in the Commission's finding is not fatal as the Commission also cites section 1043(23)(A)(3) which allows the rules to be inferred from common knowledge. Indeed, it is undisputed that the petitioner was a 19-year employee of BIW and was well aware of the policies contained uninterrupted over those many years. As such, it was reasonable for the Commission to draw that inference allowed in the statute.

Because there is substantial evidence on the record on which the Commission grounded its decision, and because it committed no abuse of discretion or legal error, the appeal should be denied.

The entry will be:

The decision of the Maine Unemployment Insurance Commission in the matter of Danny L. Tipsword, Docket No. 01-C-00281, dated March 26, 2001, is AFFIRMED.

Dated:January _____, 2002

Donald H. Marden
Justice, Superior Court

| Date Filed | 4/25/01 | Kennebec | Docket No. | AP-01-32 |

County

Action _____ 80C Appeal _____

# J. MARDEN

Danny L. Tipswood

State of Maine Unemployment
Insurance Commission

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| James G. Fongemie, Esq. (10/31/01) | |
| James W. Case, Esq. | Elizabbeth J. Wyman, AAG   Kevin Fitzgerald |
| 4 Union Park | Pamela W. Waite, AAG |
| PO Box 5000 | 6 State House Station |
| Topsham ME 04086 | Augusta, Maine 04333-0006 |
| | Geoffrey Cummings, Esq.   (BIW) |
| | PO Box 9546 |
| | Portland ME 04112-9546 |

| Date of Entry | |
|---|---|
| 4/26/01 | Petition for Review of Final Agency Action with attached exhibit A, filed. s/J. Fongemie, Esq. for J. Case, Esq.  (filed 4/25/01) Case File Notice issued to J. Case, Esq. |
| 5/4/01 | Letter entering appearance, filed. s/Wyman, AAG |
| 5/8/01 | Letter of Appearance on behalf of Bath Iron Works, filed.  s/G. Cummings, Esq. |
| 5/24/01 | Enlargement of time to Serve Administrative Record, filed. s/Wyman, AAG Proposed Order, filed. |
| 5/25/01 | ENLARGEMENT OF TIME TO SERVE ADMINISTRATIVE RECORD, Marden, J. It is hereby ordered, upon Motion of the Respondent and without objection by the Petitioner/claimant or the employer, that the deadline for serving the administrative record is enlarged to June 12, 2001. Copies mailed to attys. of record. |
| 6/12/01 ******* | Administrative Record, filed. Videotape, filed. **(filed in vault drawer)** |
| ------- | Notice of briefing schedule mailed to attys of record. |
| 7/19/01 | Brief of Petitioner, filed,.s/Case, Esq. |
| 8/9/01 | Two pages to be attached to the previously filed transcript (record). |
| 8/20/01 | Brief of Employer, Bath Iron Works Corporation, filed. s/Cummings, Esq. |
| 8/21/01 | Brief of Respondent Maine Unemployment Insurance Commission, filed. s/Fitzgerald, Legal Intern  s/Wyman, AAG Letter entering appearance, filed. s/Wyman, AAG |
| 8/29/01 | Petitioner's Reply Brief to Bath Iron Works Corporations Brief, filed.  s/J. Case, Esq. |