STATE OF MAINE

CUMBERLAND, ss.

LAURI, Inc.,

Petitioner

v.

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,

Respondent

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-007

ORDER

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

OCT 02 2002

RECEIVED

DONALD L. GARBRECHT
LAW LIBRARY

OCT 29 2002

Before this court is Lauri, Inc.'s petition for review of final agency action

pursuant to 26 M.R.S.A. §1194(8), 5 M.R.S.A. §§ 11001-11008 and M.R.Civ.P. 80C.

## FACTS

On April 30, 2001, Renee Espeaignnette began working as a customer

service secretary for Lauri, Inc. (Petitioner), which manufactures educational

toys. One of her job duties included typing letters for Petitioner's president

Clyde Wentworth. Almost two months after being hired, Mrs. Espeaignnette

retyped a letter several times for Mr. Wentworth before he signed it. Mrs.

Espeaignnette then faxed the letter to a client. The following morning Mr.

Wentworth spoke to Mrs. Espeaignnette about getting the mail out on time.

When Mrs. Espeaignnette dropped Mr. Wentworth's mail off in his office, he

berated her for incorrectly formatting the fax/letter on company letterhead.

Upset, Mrs. Espeaignnette told Mr. Wentworth that she was leaving work early.

Mr. Wentworth ordered Mrs. Espeaignnette to stay, but she informed him that

she would return after her scheduled vacation, which started at the end of the

day. Mrs. Espeaignnette had been at work a total of ten minutes before leaving. As a result, Mr. Wentworth wrote a letter to Mrs. Espeaignnette terminating her for leaving work without permission.

On July 25, 2001, the Deputy at the Bureau of Unemployment Compensation found that Petitioner did not terminate Mrs. Espaignnette's employment for misconduct, thereby entitling her to receive unemployment benefits. On appeal, an Administrative Hearing Officer overturned the Deputy's decision; Mrs. Espaignnette did not attend this hearing, which was on September 4, 2001, because she was visiting an ailing relative in Florida. On October 19, 2002, the Maine Unemployment Insurance Commission (Respondent) decided that Mrs. Espaignnette had good cause for failing to attend the hearing; Petitioner did not appeal this decision in a timely manner. On November 21, 2001, Respondent found that Petitioner had discharged Mrs. Espeaignnette, but not for misconduct connected with her work. On December 3, 2001, Petitioner filed a request for reconsideration of both of the Respondent's decisions. The Respondent denied the untimely October appeal and upheld its November decision to award Mrs. Espeaignnette benefits.

## DISCUSSION

Pursuant to Petitioner's Rule 80C appeal, this court will review the Respondent's decision "directly for abuse of discretion, errors of law, or findings not supported by the evidence." Centamore v. Dep't of Human Serv., 664 A.2d 369, 370 (Me. 1995). Great deference will be given to the Respondent's interpretation of statutes that it administers such as the Maine Unemployment Law. *See id.* at 371. Furthermore, the burden is on Petitioner to prove that Mrs.

2

Espeaignnette was discharged for statutory misconduct. *See* <u>Seven Islands Lands Co. v. Maine Land Use Regulation Comm'n</u>, 450 A.2d 475, 479 (Me. 1982).

Petitioner argues that Respondent committed an error of law by allowing Mrs. Espeaignnette to have a "good cause" hearing for not showing up at the original hearing with the Administrative Hearing Officer. However, Petitioner waited until well after the 10-day window, as set forth in 26 M.R.S.A. § 1194(8), to appeal the Respondent's decision. *See* <u>McKenzie v. Maine Employment Sec. Comm'n</u>, 453 A.2d 505, 509 (Me. 1982) ("courts . . . have no inherent power to extend or ignore statutory appeal periods in the absence of delegated statutory authority to do so."). Petitioner also contends that Respondent committed an error of law in deciding that Mrs. Espeaignnette's walking off the job was not misconduct defined as "a culpable breach of the employee's duties or obligations to the employer or a pattern of irresponsible behavior, which in either case manifests a disregard for a material interest of the employer." 26 M.R.S.A. § 1043(23) (2002).[1]

Even though Mrs. Espeaignnette left work early, which may have been inappropriate, it does not mean that her conduct rose to the level of statutory misconduct. *See* <u>Forbes-Lilley v. Unemployment Ins. Comm'n</u>, 643 A.2d 377, 379 (Me. 1994). Therefore, this court must use a twofold approach to objectively determine whether Petitioner had a reasonable standard for discharge and

---

[1] Lauri specifically argued that Mrs. Espeaignnette's misconduct was exemplified by her
  (1) Refusal, knowing failure or recurring neglect to perform reasonable and proper duties assigned by the employer;
  (2) Unreasonable violation of rules that are reasonably imposed and communicated and equitably enforced;
  (3) Unreasonable violation of rules that should be inferred to exist from common knowledge or from the nature of the employment;
  (9) Insubordination or refusal without good cause to follow reasonable and proper instructions from the employer.
26 M.R.S.A. § 1043(A) (2002).

3

whether Mrs. Espeaignnette acted unreasonably in failing to meet that standard. *See id.* The record shows that Mrs. Espeaignnette had made a mistake in formatting a letter that was going to be faxed to a customer. Even though Mr. Wentworth had signed off on the letter he brought up the matter to her in such a way that she felt extremely uncomfortable remaining at the workplace. As a result, she left intending to return to work after a vacation/shutdown week. The only reason she did not return to work was because she had received a termination letter. This type of incident had not occurred before. Respondent found that under these circumstances Mrs. Espeaignnette's actions were improper, but did not rise to the level of misconduct. The basic facts are not disputed: Mrs. Espeaignnette left her workplace after being there for only 10 minutes. Nevertheless, the parties have different interpretations about why she left early. Hence, this court will not second-guess Respondent's credibility assessments.

Wherefore this court shall **DENY** Lauri, Inc.'s appeal.

Dated: October __2__, 2002

Roland A. Cole
Justice, Superior Court

4

Date Filed __02-21-02__  __Cumberland__  Docket No. __AP-02-07__

County

Action __80C Appeal__

LAURI, INC.

STATE OF MAINE UNEMPLOYMENT INSURANCE
COMMISSION

vs.

Plaintiff's Attorney

ROBERT W. KLINE, ESQ.
P.O. Box 7859
Portland, ME 04112
(207) 772-4900

Defendant's Attorney

PAMELA W. WAITE, AAG
ELIZABETH J. WYMAN, AAG
6 State House Station
Augusta, ME 04333-0006
(207) 626-8800

Date of
Entry