STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, ss                           DOCKET NO. AP-02-05

DONALD L. GARBRECH
LAW LIBRARY

NEW LIFE MISSION,              )
                              )
          Petitioner          )
                              )          **JUDGMENT**          OCT 30 2002
          vs.                 )
                              )
MAINE UNEMPLOYMENT            )
INSURANCE COMMISSION          )
                              )
          Respondent          )

FILED & ENTERED
SUPERIOR COURT

OCT 24 2002

PENOBSCOT COUNTY

Pending before the Court is New Life Mission's (the "Petitioner") appeal from the Maine Unemployment Insurance Commission's (the "Commission") finding that Noreen Nee ("Nee") was discharged, but not for misconduct connected to her work within the meaning of 26 M.R.S.A. §1043(23) and 1193(2). For the following reasons the Maine Unemployment Insurance Commission's decision is affirmed.

## Background

Nee began working for the Petitioner in August 2000 as a behavioral specialist. She worked with students who had behavioral and emotional problems, transported them to and from school and spent time with them one-on-one. Nee, an attorney, had some background in special education, but had not worked as a counselor before starting this position. Nee attended mandatory training and received her certification as a counselor. The Petitioner did not provide a manual, handbook, or additional training.

Nee had an admitted problem with establishing and maintaining professional "boundaries". At one point she drove a client to her house to make him lunch because he had not yet eaten, she approached a client's parent in public to discuss being removed from his case, and she allowed her husband to transport her and her client to a sledding

1

trip. Although the Petitioner provided no ethics training they did inform her, after the fact, her conduct violated their rules. After receiving the instruction she did not engage in the prohibited conduct.

Part of her duties involved entering data relating to each client in the Petitioner's computer system. Due to an eye condition, and lack of computer training, Nee never mastered the task. Her eye condition caused chronic pain and at some time during the fall of 2000 Nee was taking the prescription pain medication, Oxycontin. Nee apparently discussed this medication with a client's parent and the parent alleged that Nee attempted to purchase some Oxycontin from him. The parent was concerned that Nee was taking the medication while driving with his child and reported the situation to the Petitioner. Based on this report, the Petitioner's own suspicions regarding Nee's sobriety at work and concern for the safety of the children in Nee's care, the Petitioner required a note from Nee's doctor detailing the medications she was currently taking. Nee produced the note, however it did not mention Oxycontin. Nee claims this was because she was no longer taking the medication. The Petitioner requested an additional note documenting the time-period Nee used Oxycontin. Despite requests from Nee, the doctor never supplied the note.

On March 4, 2001, the Petitioner terminated Nee's employment for misconduct, specifically for her problems relating to professional boundaries and for failing to satisfy the Petitioner's request for documentation relating to Oxycontin. Nee applied for unemployment benefits, and Jerry Williamson, Deputy of the Bangor Bureau of Unemployment Compensation, found the Petitioner did not produce evidence establishing they had discharged Nee for misconduct connected to her work pursuant to

2

26 M.R.S.A. §§1043(23), 1193(2) and therefore Nee was eligible for unemployment benefits. The Petitioner appealed to the Division of Administrative Hearings. After a hearing the Hearing Officer, Linda Rogers-Tomer ("Tomer"), affirmed the Deputy's decision. Tomer found, "the record lacks substantial credible evidence that the claimant engaged in a culpable breach of her duty to her employer or a pattern of irresponsible behavior. Rather, the record shows that in all respects the claimant at all times performed her job to the best of her ability." The Petitioner appealed this decision to the Commission, which conducted another hearing and affirmed and adopted the Hearing Officer's decision. They found Nee's doctor's note regarding Oxycontin should have satisfied the Petitioner's concerns. Further, in light of the fact that the Petitioner provided no training on boundary issues and that following a notification of a violation Nee did not repeat her conduct, the Petitioner failed to satisfy it burden of showing misconduct connected to employment concerning boundary issues. The Petitioner requested a reconsideration, which the Commission denied, and then filed the present appeal.

## Arguments

The Petitioner argues Nee's actions amounted to misconduct. The Petitioner argues the repeated violations of rules regarding boundaries were not only grounds for dismissal, but jeopardized their position with the State. Nothing in the governing statutes requires training on boundary issues, or the posting of policies. Further, the Petitioner notes Nee is an attorney and therefore should have been familiar with confidentiality

issues. Nee did not satisfy the Petitioner's request regarding a doctor's note detailing Nee's use of Oxycontin, and Nee failed repeatedly to learn the computer system[1].

The Commission, noting the standard of review, argues the Petitioner's rules and expectations were unreasonable and Nee's conduct in relation to those rules and expectations were reasonable under the circumstances. The Petitioner never provided specific training on boundary issues and could therefore not expect Nee to be familiar with those policies. After discussing certain policies after the fact Nee did not violate those policies again. The Petitioner did not adequately train Nee on the computer system and failed to accommodate Nee's vision problems. Therefore, they could not expect her to master the inputting of data into the system. Nee did continue, however, to attempt to learn the computer system. Finally, the Petitioner's request for additional documentation regarding Oxycontin was unreasonable. Nee provided one note detailing what medication she was currently taking and could not obtain a second note after repeated attempts. The note adequately addressed the Petitioner's concern for the children in Nee's care as it stated she was not taking Oxycontin.

## Discussion

**Standard of Review**

Courts review an agency's decision for abuse of discretion, errors of law, or findings not supported by the evidence. Hopkins v. Department of Human Services, 2002 ME 129, ¶8, 802 A.2d 999. Courts afford an agency's factual findings great deference and will uphold those findings if they are supported by "competent and substantial evidence." Id. Those seeking to overturn an agency decision must show evidence to support their

---

[1] It is unclear at this point if the Petitioner is still raising this argument. Petitioner did not include it in its brief, however the Commission felt the need to address the issue.

position and the lack of substantial credible evidence in the record to support the agency's decision. <u>Green v. Commissioner of Department of Mental Health, Mental Retardation and Substance Abuse Services</u>, 2001 ME 86, ¶12, 776 A.2d 612.

## Misconduct

An individual is eligible for unemployment compensation subject to the Employment Security Law, 26 M.R.S.A. §1041-1051. However, if an employer has discharged an individual for "misconduct connected to his work" that individual is not eligible for unemployment compensation. 26 M.R.S.A. §1193(2). The Employment Security Law defines misconduct as, "[A] culpable breach of the employee's duties or obligations to the employer or a pattern of irresponsible behavior, which in either case manifests a disregard for a material interest of the employer." 26 M.R.S.A. §1043(23). The statute further states:

> "The following acts or omissions are presumed to manifest a disregard for a material interest of the employer. If a culpable breach or a pattern of irresponsible behavior is shown, these actions or omissions constitute "misconduct" as defined in this subsection. This does not preclude other acts or omissions from being considered to manifest a disregard for a material interest of the employer. The acts or omissions included in the presumption are the following:
> (1) Refusal, knowing failure or recurring neglect to perform reasonable and proper duties assigned by the employer;
> (2) Unreasonable violation of rules that are reasonably imposed and communicated and equitably enforced;
> (3) Unreasonable violation of rules that should be inferred to exist from common knowledge or from the nature of the employment."

The employer bears the burden of proving that an employee's conduct meets the statutory definition of misconduct. <u>Sprague Electric Company v. Maine Unemployment Insurance Commission</u>, 536 A.2d 618, 619 (Me. 1988). The courts use a two step analysis to determine whether the employee's actions constitute misconduct: (1) the employer must

5

have a reasonable standard for discharge and (2) the employee must have acted unreasonably in failing to meet that standard. Ellery v. Dept. of Labor Unemployment Ins. Com'n, 1999 ME 194, ¶14, 742 A.2d 928 (citing Forbes-Lilley v. Maine Unemployment Ins. Com'n, 643 A.2d 377, 379 (Me.1994)). In light of its remedial nature, the Courts liberally construe the Employment Security Law in favor of the employee. Look v. Maine Unemployment Ins. Com'n, 502 A.2d 1033, 1034 (Me. 1985).

**Boundary Issues**

The Commission, after two separate hearings, found Nee's violation of confidentiality rules and her problems with boundaries in general, did not constitute misconduct under the relevant statutes. Violations of employer rules do not automatically constitute statutory misconduct, the Courts look at the reasonableness of the employer's standards and the employee conduct. Forbes-Lilley v. Unemployment Insurance Commission, 643 A.2d 377, 379 (Me. 1994). Although the statute does not require training or the posting of policies the courts have looked at these issues when reviewing an employer's rules or standards. See Malick v. Maine Unemployment Insurance Commission, 2002 WL 31235916 (Me. Super. 2002); St. Pierre v. Maine Unemployment Insurance Commission, 2001 WL 1712657 (Me. Super. 2001). The record reveals that the Petitioner did not post their policies and provided no prior training to Nee concerning boundary issues. However, after each violation the Petitioner discussed the matter with Nee and she took steps to correct her actions and avoid further violations. The Commission found the Petitioner did not meet their burden of proof by failing to establish that Nee's violations constituted statutory misconduct. Nee's actions

were reasonable in light of the Petitioner's policies and lack of training regarding those policies. The Commission stated:

> "Many of the claimant's boundary problems that arose were due to the lack of training or explanation as to what constituted a boundary violation. When the claimant was considered to have violated a boundary, she was notified of the violation. Boundary issues were often addressed and treated after the fact, rather than as a preventive measure. Following such notification, the claimant carefully tried not to cross that boundary line again."

The Petitioner points out that Nee, an attorney, should have been familiar with issues such as confidentiality and therefore her problems with boundaries were "unreasonable violations of rules that should be inferred to exist from common knowledge or from the nature of the employment." 26 M.R.S.A. §1043 (23)(A)(3). However, the Commission noted that the Petitioner hired Nee as a counselor not an attorney and her violations were the result of inadequate training. Inconsistent evidence will not render an agency decision unsupported by substantial evidence. Seider v. Board of Examiners of Psychologists, 2000 ME 206, ¶9, 762 A.2d 551. Viewing the record with the appropriate level of deference, the Petitioner has not shown the absence of competent evidence in the record supporting the Commission's decision that Nee's violations of policies relating to boundaries did not constitute misconduct.

**Computer System**

The Petitioner claims that after repeated instruction Nee was unable to properly perform her job inputting data into the computer system. While this may be a proper ground for dismissal it does not amount to statutory misconduct. Failure to perform satisfactorily when the employee has made a good faith effort to do the duties their employer has assigned is not misconduct. 26 M.R.S.A. §1043(23)(B)(1). The record indicates that Nee has a painful eye condition that affects her vision and that the

7

Petitioner failed to provide additional training or adequately accommodate her condition. The record further indicates Nee never stopped attempting to learn the system. Based on these facts there is substantial evidence in record to support the Commission's decision that Nee's failure to master the data input system was not misconduct. Nee acted reasonably in light of her eye problem and the available training. The Petitioner fails to show otherwise.

**Oxycontin**

The Petitioner claims Nee failed to satisfy requests for information regarding her prescription drug use. It appears the Petitioner was primarily concerned with Nee's prescription drug use at the time of her employment because she was transporting clients in her car. Further, based on a parent's statement, the Petitioner may have wished to address possible allegations of trafficking in Oxycontin. In response to a request for a doctor's note detailing what prescription drugs Nee was currently taking, Nee produced a note from her physician that listed her current medications. The doctor did not list Oxycontin and Nee stated she was not taking the medication at the time of the request. The Petitioner asked for further documentation detailing any prior use of Oxycontin. Nee attempted to acquire this information from her doctor but was not successful. The Petitioner alleges the failure to satisfy the request for additional documentation constitutes misconduct.

The Commission found this was an unreasonable standard and therefore Nee's actions did not amount to misconduct. Nee satisfied her employer's concern regarding the safety of transporting children with the first note, which did not list Oxycontin as a

medication she was taking. Her doctor stated he felt it was safe to allow her to drive and work with children. The Commission noted,

> "Despite the claimant's fulfillment of the employer's request, the claimant was discharged. The employer discharged the claimant because it felt that its concerns regarding Oxycontin were not addressed in the note. The employer, however, did not attempt to ask the claimant whether she was still taking that particular medication considering the doctor did not list it."

The Hearing Officer found that it was hard to believe "if the employer genuinely believed the claimant was inebriated the employer would continue to allow the claimant to work with children."

The Commission heard and examined evidence from two hearings relating to Nee's use of Oxycontin, judged the credibility of the witnesses,[2] and found she was not using the medication at the time of her employment and had acted reasonably in response to the Petitioner's request for documentation. The Commission found her failure to produce additional information did not amount to misconduct. The Petitioner fails to offer evidence that suggests otherwise.

THE DOCKET ENTRY IS:

> The Maine Unemployment Insurance Commission's decision that Ms. Nee was discharged but not for misconduct connected to her work within the meaning of 26 M.R.S.A. §1043(23) and 1193(2) is affirmed.

The clerk is ordered to incorporate this decision into the docket by reference.

Justice, Superior Court

DATED:     October 24, 2002.

---

[2] The record reveals that the witnesses who alleged Nee attempted to purchase Oxycontin from him was involved in an ongoing legal action, in which Nee refused to testify on his behalf. Assessing credibility of witnesses is the fact finder's role. Ellery v. Department of Unemployment Insurance Commission, 1999 ME 194, ¶13, 742 A.2d 928.

Date Filed __02/25/02__ __PENOBSCOT__ Docket No. __AP-2002-5__
County

Action _80C APPEAL - REVIEW OF FINAL AGENCY_ACTION

**ASSIGNED TO JUSTICE ANDREW M. MEAD**

| | |
|---|---|
| | STATE OF MAINE UNEMPLOYMENT INSURANCE COMMISSION, AND |
| NEW LIFE MISSION vs. | NOREEN NEE |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JOSEPH M. BALDACCI, ESQ<br>P O BOX 1423<br>6 STATE STREET, SUITE 403<br>BANGOR, ME. 04402-1423 | STATE OF MAINE<br>DEPARTMENT OF THE ATTORNEY GENERAL<br>6 STATE HOUSE STATION<br>AUGUSTA, ME. 04333-0006<br>BY: Elizabeth J. Wyman, AAG<br>Pamela W. Waite, AAG |

| Date of Entry | |
|---|---|
| 2/25/02 | Petition for Review/Review of Final Agency Action (M.R.Civ.P 80C) filed. (Attachments attached) |
| 2/26/02 | Case File Notice Postcard forwarded to Plaintiff's counsel. |
| 2/28/02 | Letter received by Elizabeth J. Wyman, AAG, and Pamela W. Waite, AAG, entering appearance for the Maine Unemployment Insurance Commission. |
| 3/27/02 | Motion for Enlargement of Time to Serve the Administrative Record filed Respondent. |
| 4/2/02 | Certification of Record filed. |
| 4/3/02 | File presented to Justice Mead for review. |
| 4/3/02 | File returned by Justice Mead, order issued. |
| 4/3/02 | Order filed. It is hereby ordered, upon Motion of the Respondent and without objection by the Petitioner, that the deadline for serving the administrative record is enlarged to April 10, 2002. (Mead, J.) Copy forwarded to all attorneys of record. |
| 4/5/02 | Notice and Briefing Schedule 80C Appeal of Final Agency Actions filed. Copy forwarded to all attorneys of record. |
| 4/30/02 | Motion to Enlarge Time to File Brief filed by Petitioner. |
| 5/2/02 | File presented to Justice Mead for review. |
| 5/3/02 | File returned by Justice Mead, order issued. |
| 5/3/02 | Order filed. The Motion to Enlarge Time to File Brief is Hereby Granted. (Mead, J.) Copy forwarded to all attorneys of record. |