STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-12-15
MGK-AND-4/17/2013

ROBERT M. SNYDER,
    Petitioner

                              ORDER ON
v.                            80C PETITION

MAINE UNEMPLOYMENT
INSURANCE COMMISSION
    Respondent

Before the Court is claimant Robert Snyder's 80C appeal of a decision of the Maine Unemployment Insurance Commission that denied his request for unemployment benefits. A hearing took place on April 4, 2013.

**Background**

Claimant Robert Snyder was employed as a cook at Chick A Dee of Lewiston restaurant from February 2007 until his termination on July 5, 2012. (R. 33-34.) Up to that point, he was a good worker, but had been involved in at least one physical confrontation with another employee. (R. 37.)

On the evening of July 5, 2012, the restaurant was very busy. (R. 39, 49.) A waitress, Michelle, was in the kitchen arguing with another cook about an incorrect order. (R. 49-50.) It is undisputed that Mr. Snyder carried a bucket of fish past Michelle and some of the product dripped on her hand. (R. 45, 50.) The parties disagree about whether it was intentional or accidental. *Id.* Michelle is allergic to fish. (R. 45.)

Michelle reacted angrily and yelled at the Claimant, using foul language. (R. 45, 50.) Claimant alleges that she used offensive language and called him a "drug addict" and "thief" and accused him of stealing her cigarettes at some earlier time. (R. 50-51.) He alleges that she threatened to have her boyfriend come beat him up, which she had threatened before. (R. 51-52.)

At that point, it is undisputed that Claimant screamed at Michelle, using offensive language and called her a vulgar name repeatedly. (R. 35, 45, 50.)

1

Claimant also allegedly threatened to bash in Michelle's teeth or otherwise beat her up. (R. 35, 58-59.) After that, it is undisputed that Claimant called his girlfriend and said something about sending her daughter and friends down to the restaurant to beat up Michelle. (R. 36, 40, 46, 51.) Claimant's manager, Nicole Cooper, entered the kitchen at the end of the confrontation and heard Claimant call his girlfriend. (R. 40.)

Ms. Cooper then called William Hird, the owner, and requested that he come to the restaurant. (R. 34-35, 40.) Claimant's girlfriend did show up at the restaurant in the interim, and eventually tried to calm down the Claimant. (R. 41.) When Mr. Hird arrived, he confronted the Claimant and asked him if he had called Michelle a vulgar name repeatedly and threatened to bash in her teeth, to which Claimant responded, "yeah." (R. 35.) Mr. Hird angrily, and with offensive language, told Claimant to get out of his kitchen and terminated his employment. (R. 35, 60.)

The Claimant applied for unemployment benefits, which were denied in a deputy decision concluding that he was disqualified under 26 M.R.S.A. § 1193(2) because his termination was for misconduct.[1] (R. 68-69.) Claimant appealed to the Division of Administrative hearings, and a de novo hearing took place on September 18, 2012. (R. 22.) On September 21, the Hearing Officer affirmed the deputy decision on the same grounds and issued a written decision with findings. (R. 17-21.) The Claimant subsequently appealed to the Maine Unemployment Insurance Commission. (R. 10.) On October 4, 2012, the Commission issued a decision that affirmed the Hearing Officer's decision and adopted his findings, pursuant to 26 M.R.S.A. § 1194(5). (R. 7-8.) Claimant requested reconsideration, and the Commission denied the request in a decision dated October 25, 2012. (R. 1-2.) Claimant subsequently appealed to this Court pursuant to Maine Rule of Civil Procedure 80C.

**Standard of review**

In its appellate capacity, the Superior Court reviews agency decisions for "abuse of discretion, error of law, or findings not supported by the evidence."

---

[1] The disqualification was to last until Claimant earned $1,108.00 in employment from an employer. 26 M.R.S.A. § 1193(2) ("[D]isqualification continues until claimant has earned 8 times the claimant's weekly benefit amount in employment by an employer.").

2

*Rangeley Crossroads Coal. v. Land Use Reg. Comm'n*, 2008 ME 115, ¶ 10, 955 A.2d 223. The burden of proof is on the petitioner to prove that "no competent evidence supports the [agency's] decision and that the record compels a contrary conclusion." *Bischoff v. Maine State Ret. Sys.*, 661 A.2d 167, 170 (Me. 1995). "Inconsistent evidence will not render an agency decision unsupported." *Id.* "Judges may not substitute their judgment for that of the agency merely because the evidence could give rise to more than one result." *Gulick v. Bd. of Envtl. Prot.*, 452 A.2d 1202, 1209 (Me. 1982). Rather, the court will defer to administrative conclusions when based on evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.*

In doing so, the court must give great deference to an agency's construction of a statute it is charged with administering. *Rangeley Crossroads Coal.*, 2008 ME 115, ¶ 10, 955 A.2d 223.

**Discussion**

Under Maine's unemployment compensation statute, an individual is disqualified from receiving benefits if he was "discharged for misconduct connected with the individual's work." 26 M.R.S.A. § 1193(2). Misconduct is defined by the statute as the "culpable breach of the employee's duties or obligations to the employer or a pattern of irresponsible behavior, which in either case manifests a disregard for a material interest of the employer." *Id.* § 1043(23).

"[D]isqualification from receiving the benefits of the unemployment act must be established with reference to an objective standard." *Moore v. Me. Dep't of Manpower Affairs*, 388 A.2d 516, 519 (Me. 1978). *Id.* The employer must have applied a reasonable standard in deciding to discharge the employee, and "the employee must have acted unreasonably in failing to meet that standard." *Forbes-Lilley v. Me. Unemp't Ins. Comm'n*, 643 A.2d 377, 379 (Me. 1994). "A finding of unreasonable behavior is not disturbed on appeal if the Commission could have justifiably determined that the employee's conduct was of a type, degree, or frequency that was so violative of the employer's interests that it may reasonably be deemed tantamount to an intentional disregard of those interests." *Id.*

The Court does not doubt that Claimant was a diligent employee for several years, but in this case, the Commission's decision adopting the Hearing Officer's findings was supported by competent evidence. The Hearing Officer

3

considered the testimony of Mr. Hird, Ms. Cooper, the Claimant, and the Claimant's girlfriend, all of which supported his finding that there was a verbally aggressive confrontation between Claimant and Michelle, and which consisted of highly offensive language and threats. The Hearing Officer's decision noted that an employer has a compelling interest in prohibiting threatening comments of the sort in question here. It acknowledged that Michelle made disparaging remarks towards the Claimant, but found that the Claimant's conduct was nevertheless "objectively unreasonable" and constituted a "culpable breach of [his] duties or obligations to the employer." The Hearing Officer's conclusion that Claimant was terminated for misconduct was therefore supported by competent evidence in the record and was not otherwise in error.

The Claimant maintains that Michelle was making equally aggressive comments, and that he was subjected to unequal treatment among employees. However, the Hearing Officer did not find the Claimant credible with respect to his contention that Michelle threatened him physically. As the Court explained to the Claimant during the April 4 hearing, it is limited in its appellate capacity in that it may not engage in fact finding or substitute its judgment for the agency. *See Ellery v. Dep't of Labor Unemp't Ins. Comm'n*, 1999 ME 194, ¶ 13, 742 A.2d 948 (noting that the Court is not permitted to reassess the credibility of the evidence). Furthermore, even if Michelle were equally aggressive, it would not be unreasonable for an employer to expect an employee to conduct himself professionally in the heat of provocation. The Court's role here is not to evaluate Michelle's behavior for misconduct or ensure equal application of the employer's disciplinary scheme, but to determine whether there was competent evidence that *Claimant's* behavior constituted misconduct. Given the testimonial evidence supporting the Commission's finding of misconduct, the Court cannot conclude that the evidence compels a contrary outcome.

The entry is:

The Court AFFIRMS the decision of the Unemployment Insurance Commission.

4/17/13
_____
DATE

_____
SUPERIOR COURT JUSTICE

4

11-06-12                    Androscoggin              Docket No.  AP-12-15

Action:   80C Appeal

Robert Snyder                              Unemployment Insurance Commission
55 Martin Drive
Lewiston, ME  04240

vs.

Pro se                                     Elizabeth Wyman, Esq.
                                           6 State House Station
                                           Augusta, ME  04333

Date of
Entry

2012
Nov 6          Received 11-06-12:
               Petitioner's Appeal filed.

Nov 21         Received 11-21-12:
               Entry of appearance of Elizabeth Wyman, Esq. on behalf of Respondent.

Dec 21         Received 12-21-12:
               Administrative Record filed.

Dec 21         On 12-21-12:
               Notice and Briefing Schedule filed.
               Petitioner's brief is due on or before January 31, 2013.
               Copies mailed to parties on 12-21-12.

Dec 28         Received 12-26-12:
               Petitioner's Brief filed.
               Copy mailed to Elizabeth Wyman, AAG.

Jan 23         Received 01-23-13: