Lorraine C. SHEINK

v.

MAINE DEPARTMENT OF
MANPOWER AFFAIRS.

Supreme Judicial Court of Maine.

Argued Sept. 9, 1980.
Decided Dec. 10, 1980.

Platz & Thompson, P. A., Philip K. Hargesheimer, Lewiston (orally), for plaintiff.

Allan A. Toubman (orally), Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

WERNICK, Justice.

Lorraine Sheink (the employee) has appealed from a judgment of the Superior Court (Androscoggin County) affirming the Employment Security Commission's decision that denied her unemployment benefits from December 31, 1978 until she had earned $344.00. The Commission concluded that the employee had been discharged from her job for misconduct and was therefore temporarily disqualified from receiving unemployment compensation in accordance with 26 M.R.S.A. §§ 1043(23) and 1193(2).

On July 8, 1976, the employee began working for the Motor Vehicle Division of Maine's Department of State. She served as a public window clerk at the Lewiston Registry of Motor Vehicles, and her duties included responding to public inquiries and processing the fees and applications that pass through a motor vehicle registry.

During the period May 10, 1978 to January 4, 1979,[1] the employee was sent six letters, as well as memoranda from various supervisors, advising her that her work was not satisfactory. She has acknowledged receipt of all of these warnings except the letter of December 22, 1978. The warnings revealed two general complaints about the employee's job performance: her discourtesy to customers and co-workers, and here inattentiveness to the details of handling money and keeping records.

The employee was discharged from her job as of January 12, 1979. The grounds of discharge stated in the notice of termination were the employee's "continued failure to perform ... [her] duties as a window clerk accurately and ... [her] failure to display courtesy when dealing with customers."

Following her discharge, the employee applied for unemployment benefits. After interviewing her, a deputy of the Employment Security Commission found that the employee "was discharged ... for failing to perform duties accurately and for being discourteous to customers." Holding the

discharge to have been for "misconduct", the deputy decided that the employee was temporarily disqualified from receiving unemployment benefits.

The employee appealed from the decision of the deputy, and a referee of the Appeal Tribunal of the Commission held a hearing on February 21, 1979, at which the employee and George Whalen, Chief of the Bureau of Public Services, Department of State, testified. The Appeal Tribunal concluded that the conduct for which the employee had been discharged fell within the statutory definition of "misconduct."

Pursuant to 26 M.R.S.A. § 1194(5), the employee filed a Statement of Appeal requesting a hearing before the Commission. The Commission denied the request and adopted and affirmed the decision of the Appeal Tribunal. The employee then appealed to the Superior Court, which denied the appeal and affirmed the decision of the Commission.

The employee's appeal to this Court raises three issues: (1) whether the record supports a finding that she was guilty of "misconduct" within the meaning of the statute; (2) whether the Superior Court wrongly denied her a de novo hearing, as allegedly her entitlement under 5 M.R.S.A. § 11006(1)(D); and (3) whether by denying the employee's request for a hearing before the Commission itself, the Commission was guilty of an abuse of discretion.

We deny the appeal and affirm the judgment of the Superior Court.

1—MISCONDUCT

"Misconduct" is defined in the Employment Security Act as:

"conduct evincing such willful or wanton disregard of the employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has a right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest

1. From July 7, 1978 to September 11, 1978 the employee was not at work because of a broken wrist.

equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer." 26 M.R.S.A. § 1043(23)

An employee discharged for misconduct is disqualified from receiving unemployment benefits for a temporary period, as provided in 26 M.R.S.A. § 1193(2).

■■■ In the determination whether an employee's behavior is "misconduct" within the statutory definition, the Commission may not treat the fact that the employee has violated an employer's rule or the provision of a collective bargaining agreement as sufficient, without more, to establish statutory misconduct. *Moore v. Maine Department of Manpower Affairs, et al.*, Me., 388 A.2d 516 (1978); *Therrien v. Maine Employment Security Commission*, Me., 370 A.2d 1385 (1977). The Commission is therefore required to evaluate whether the conduct for which an employee is discharged is "upon an objective standard, unreasonable under all the circumstances of the case." *Moore, supra*, at 519.[2]

■ Thus, the Commission examines the employee's behavior as the *objective* manifestation of intent. It is not an essential of misconduct, as defined in the statute, that the employee have actual subjective intent to disregard the employer's interests. It is sufficient if the Commission justifiably determines that the employee's conduct was of a type, degree, or frequency that was so violative of employer interests that it may reasonably be deemed tantamount to an intentional disregard of those interests.

■ In the instant case we discern substantial evidence of record to support the Commission's finding that the employee "was terminated after having been issued a series of warnings regarding her decline in accuracy in her work performance, her leaving the work area without authorization, her display of discourtesy toward customers and co–workers, and her lack of attentiveness to routine procedures as set forth by her immediate supervisor." There is no evidence that the employee sought to confront her employer about the warnings she received or that she disputed the claim contained in four of the warning letters that her record keeping and handling of money was careless and frequently in error. In addition, at the hearing before the Appeal Tribunal, the employee admitted that on several occasions she had been argumentative and uncooperative when dealing with customers and co–workers. She further acknowledged that she participated in customer–initiated conversations on such issues as religion and patriotism. Also in the record is competent evidence that the employee had been discourteous to customers and that she made repeated errors in her cash transactions.

■ We conclude that taken as a whole, the employee's conduct manifested a persisting carelessness in respects that justified the finding by the Commission that the conduct was the objective equivalent of an "intentional and substantial disregard" by the employee "of the employer's interests." The situation presented involved more than mere employee incompetence or the inability of an employee to conform her conduct to employer standards regarding merely peripheral tasks. The incidents of rudeness and inaccuracy occurred with frequency, and they continued despite warnings to the employee that her job performance was unsatisfactory.[3] The employee's failure to meet her employer's standards related to two central aspects of her work as a win-

---

2. In *Moore v. Maine Department of Manpower Affairs, et al.*, Me., 388 A.2d 516 (1978), the Commission's failure to make such an *independent* assessment of the employee's conduct caused this Court to remand the case to the Commission so that such an evaluation could be undertaken.

3. Since the absence of subjective intent does not prevent nonconforming conduct from falling within the statutory definition of misconduct, we must reject the employee's position that her repeated inaccuracies and discourtesies are saved from classification as misconduct by the employer's concession that the employee had made a significant effort to perform her job properly.

dow clerk: dealing with the public and handling with accuracy cash and record–keeping transactions.

## 2—*DE NOVO* HEARING

The employee contends that Section 11006(1)(D) of the Maine Administrative Procedure Act, 5 M.R.S.A. §§ 8001 et seq., entitled her to a *de novo* hearing in the Superior Court.

It is provided in 5 M.R.S.A. § 11006(1)(D) that

"[i]n cases where final agency action was not required by statute to be made after an adjudicatory proceeding, the court may either remand for hearing or conduct a hearing de novo."

The employee's contention is that the final action of the Commission was its review of the decision of the Appeal Tribunal. She argues, further, that since the Employment Security Act does not require the Commission itself to conduct a hearing, thus to effectuate an adjudicatory proceeding before final agency action, Section 11006(1)(D) operates to grant a right to a *de novo* hearing in the Superior Court, despite the fact that a hearing had been held before the Appeal Tribunal of the Commission.

■■■ We decide that Section 11006(1)(D) has no application to this case. Contrary to the employee's contention, the Employment Security Act does provide that there be an adjudicatory proceeding prior to final agency action, except in those situations where the initial decision of the deputy is not appealed within fifteen days. That the hearing is conducted before an Appeal Tribunal rather than the entire Commission is not relevant for the purposes of the application of 5 M.R.S.A. § 11006(1)(D). This provision requires only that the final decision of the agency be preceded by an adjudication. It does not require that the adjudication be the chronologically last action of the agency. In this case, pursuant to the provisions of 26 M.R.S.A. § 1194(3), a hearing did precede the final Commission action. In such circumstances, the Administrative Procedure Act does not operate to provide the employee with an independent right to an additional hearing.

## 3—HEARING BEFORE THE COMMISSION

■■■ The employee's final argument on appeal is that the Commission abused its discretion by refusing to grant her request for a hearing before the entire Commission. 26 M.R.S.A. § 1194(5) provides that:

"The commission may on its own motion affirm, modify or set aside any decision of an appeal tribunal on the basis of the evidence previously submitted in such case, or direct the taking of additional evidence, or may permit any of the parties of such decision to initiate further appeals before it."

The employee concedes that the statute provides no right to a hearing before the Commission; the statutory provision gives the Commission discretion in the disposition of requests for supplemental hearings.

The employee's statement of appeal indicated that she requested a hearing with the entire Commission because she "[d]isagrees with the decision and ... [has] new evidence to submit." However, the employee's statement of appeal gives no indication of the character or source of this allegedly new evidence. In addition, despite the employee's argument to the Superior Court on appeal, there is no evidence in the record to suggest that the referee of the Appeal Tribunal promised the employee that she would be given an opportunity to present additional evidence at a later time. On these facts, we cannot say that the Commission's denial of an additional hearing before it was an abuse of discretion.

The entry shall be:

Appeal denied; judgment of the Superior Court affirmed.

All concurring.