**Paul A. NISSON**

v.

**MAINE EMPLOYMENT SECURITY COMMISSION and Lisbon School Department.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1982.

Decided Feb. 8, 1983.

John R. Lemieux (orally), Pine Tree Legal Assistance, Inc., Lewiston, for plaintiff.

Peter J. Brann, Asst. Atty. Gen., Dept. of Labor (orally), Augusta, Bernstein, Shur, Sawyer & Nelson, Geoffrey H. Hole (orally), Portland, for defendants.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

VIOLETTE, Justice.

Plaintiff, Paul A. Nisson, appeals from a judgment of the Superior Court, Androscoggin County, affirming the Employment

Security Commission's decision that temporarily disqualified him from receiving unemployment benefits on the ground that he was discharged for misconduct.[1] On appeal plaintiff raises two issues: (1) whether the Commission made sufficient findings of fact; and (2) whether the record supports a finding that he was guilty of misconduct within the meaning of the statute. We deny the appeal and affirm the judgment of the Superior Court.

## I.

The Lisbon School Department hired plaintiff as a custodian—school bus driver for a six month probationary period starting November 11, 1980. He was scheduled to work from 2:00 p.m. until 10:30 p.m. on weekdays while school was in session and from 6:30 a.m. until 3:00 p.m. during school vacations and on storm days. His duties required him to drive a school bus in the afternoon when school was in session. This task was usually completed by 4:15 p.m. and he would then perform general custodial duties in a Lisbon elementary school and its annex for the remaining time. When school was not in session, he spent the day performing general custodial duties. Mr. Ladner, Superintendent of the Lisbon Schools, testified that plaintiff was given a general job description when he was hired. His duties were also explained to him on his first day of work by his supervisor, Albert Bernier, Jr., and another custodian.

During the month of December, plaintiff received four memos from his supervisor reprimanding him for unsatisfactory work performance. The memos advised him of problems in the following three areas: (1) failure to maintain discipline on the school bus; (2) failure to perform cleaning duties properly; and (3) reoccurring unexcused absences. The record did not indicate employer dissatisfaction with plaintiff's work performance during the month of January.

In February, the employer's dissatisfaction once again became apparent. Plaintiff received two memos from his supervisor criticizing his failure to perform his cleaning duties properly. In the second memo, his supervisor further advised him that his cleaning performance had been steadily deteriorating. Plaintiff received a final memo on February 25, 1981, informing him that he was discharged effective March 11, 1981. This memo referred to the several prior memos and verbal warnings for reasons as to his discharge.

Following his discharge, the plaintiff applied for unemployment benefits. A deputy of the Employment Security Commission rejected his claim on the ground that he was discharged for misconduct connected with his work. He appealed from this decision, and, after a hearing, the Appeal Tribunal of the Commission reached the same conclusion. This decision was then appealed to the Commission. Following a brief hearing, the Commission affirmed the Appeal Tribunal's decision denying plaintiff benefits. The Commission found as follows: . . .

> The claimant failed to maintain proper discipline on his bus. The claimant's supervisor received complaints from parents that children were very unruly on the bus, running through it, throwing things,

---

1. 26 M.R.S.A. § 1193(2) provides that an individual shall be disqualified for a specific period if "he has been discharged for misconduct connected with his work". Misconduct is defined in 26 M.R.S.A. § 1043(23) as follows: . . .

 > [C]onduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has a right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an

intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.

In *Moore v. Maine Department of Manpower Affairs,* 388 A.2d 516, 519 (Me.1978), this Court stated that "the statute sets a rule of reason, to be objectively applied based on the totality of the circumstances . . . ." *See also Sheink v. Maine Department of Manpower Affairs,* 423 A.2d 519, 522 (Me.1980) (To be guilty of misconduct, employee need not have actual subjective intent to disregard the employer's interests).

fighting, etc. The supervisor observed children hanging out of the claimant's bus as he drove away from the school. Secondly, the supervisor came to the building that the claimant was responsible for, and failed to find the claimant in the building during work hours. While the claimant maintained that there were good reasons for his absences, he did not inform his supervisor that he would be gone, after being instructed specifically to do so. Finally, the supervisor found the claimant's duties very negligently performed on several occasions. Specifically, he found, once found [sic] a teacher's toilet room smelling of urine after the claimant should have cleaned the room. The claimant received at least seven written warnings concerning his poor job performance and negligence.

As set forth in the "Reasons For Decision", the Commission further found: ...

> that the employer's standards and expectations were reasonable. The claimant had experience as a classroom teacher, hence the employer could reasonably expect the claimant to be competent at maintaining order on his school bus. The supervisor and another custodian had explained his custodian duties to the claimant, and were available for any questions which came up. The claimant's assigned hours had been explained to him both orally and in writing ...

> [T]he claimant's conduct was unreasonable, under all the circumstances. He failed to maintain order on his school bus. He failed to observe his scheduled hours, after being told to do so. He was negligent in several areas of his job as custodian. Although the claimant presented rebuttals to the problems cited by the employer, the majority of the Commission finds the employer's testimony more credible concerning these problems, and the reasonableness of these expectations.

---

**2.** 5 M.R.S.A. § 9061 provides in relevant part: Every agency decision made at the conclusion of an adjudicatory proceeding shall be in writing or stated in the record, and shall include findings of fact sufficient to apprise the parties and any interested member of the public of the basis for the decision ....

Plaintiff appealed the Commission's decision to the Superior Court. Holding that competent evidence supported the Commission's conclusion that plaintiff was discharged for misconduct connected with his work, the Superior Court affirmed the Commission's decision. Plaintiff then appealed to .this Court.

## II

 Focusing only on the section of the Commission's decision entitled "Findings of Fact", plaintiff contends the findings lack the necessary detail to support a conclusion of misconduct as defined in 26 M.R.S.A. § 1043(23). We reject plaintiff's contention. In *Cotton v. Maine Employment Security Commission*, 431 A.2d 637, 639 (Me.1981), this Court concluded that detailed incident-by-incident fact finding is unnecessary. Rather, "[t]he findings must be sufficient to 'apprise the parties ... of the basis for the decision'." *Cotton*, 431 A.2d at 639 (quoting 5 M.R.S.A. § 9061[2]).

We conclude that the Commission's decision, read as a whole, met that standard. One shortcoming of plaintiff's argument arises from his focusing only on the section of the Commission's decision entitled "Findings of Fact". This constitutes too narrow a focus because the Commission also set forth findings in the section entitled "Reasons for Decision". A reading of the Commission's decision as a whole reveals that the Commission expressly determined: (1) plaintiff failed to maintain discipline on the bus, even though he was capable of doing so; (2) he failed to inform his supervisor that he would be absent from work during scheduled hours after previously being told to do so; and (3) he persistently performed his custodial duties negligently. By concluding that plaintiff's conduct was unreasonable under all the circumstances, the Commission impliedly determined that plaintiff had the ability to perform his cus-

todial duties. These findings clearly set forth the factual bases of the Commission's decision that plaintiff was guilty of misconduct. Accordingly, we find no error here.

### III

Plaintiff argues the record does not support the Commission's decision that he was guilty of misconduct. "When reviewing a decision of the Employment Security Commission we look to determine whether there exists *any competent evidence* to support the findings made by the Commission and then to determine whether upon those findings the Commission has correctly applied the applicable law." *Shone v. Maine Employment Security Commission,* 441 A.2d 282, 283 (Me.1982) (emphasis added). Plaintiff first contends that the Commission's findings are not supported by competent evidence. We discern competent evidence of record to support the Commission's conclusion that, although plaintiff had the ability to properly perform all facets of his job, he persistently performed three separate aspects improperly.

 The Commission found that plaintiff failed to observe his work schedule after being told to do so. In support of that finding, plaintiff admittedly left work early on December 30, 1980, and arrived late the next morning without notifying the proper persons on either occasion after a prior warning that he must inform either his supervisor or the superintendent of schools if he was to be absent from work during scheduled hours. The Commission's finding that plaintiff persistently performed his cleaning duties negligently is supported by the several written warnings received by plaintiff, particularly the memo of February 18, 1981, in which his supervisor warned him that his cleaning performance had been "going down hill recently", and his supervisor's testimony concerning these occurrences. Although plaintiff either denied the employer's account or offered excuses, the Commission expressly found the employer's testimony more credible. This finding must stand; when reviewing an administrative

action, it is not proper for this Court to make a fresh determination of credibility. *W.S. Libbey Co. v. Maine Employment Security Commission,* 446 A.2d 42, 44 (Me. 1982). Based on this record, the evidence clearly supports the implied finding that plaintiff had the ability to properly perform his cleaning duties.

 The record also supports the finding that plaintiff failed to maintain discipline on the bus. Plaintiff, however, argues that the record does not support a finding that he had the ability to do so. The Commission based its finding that plaintiff had the ability to maintain discipline on the fact that he had prior experience as a school teacher. Competent evidence supports that finding. Besides past experience, the Commission could also have considered the personal qualities of intelligence, appearance, presence, and command when seeking to determine whether a person had the ability to perform this task. As trier of fact, the Commission had the opportunity to assess the presence of those various qualities in the plaintiff together with a consideration of his prior experience as a classroom teacher. Although the record contains some evidence supporting plaintiff's contention, it is not the proper role of this Court to substitute our judgment for that of the Commission. *Shone,* 441 A.2d at 283–84. Therefore, proper deference to the Commission's fact finding role requires us to uphold its determination that plaintiff had ability to maintain discipline on the bus.

 Finally, plaintiff argues that, even if the Commission's findings are supported by competent evidence, such findings do not constitute misconduct. Specifically, he claims that his transgressions were isolated acts resulting primarily from misunderstanding, and he furthermore contends each transgression constituted only a minor violation.

In light of the bases for the Commission's decision as set forth above, it is clear that *Sheink v. Maine Department of Manpower Affairs,* 423 A.2d 519 (Me.1980), is the con-

**950**

trolling precedent. *Sheink* disposes of plaintiff's claim that we should view his transgressions individually, because there we required the Commission to evaluate the employee's conduct as a whole. *Sheink,* 423 A.2d at 522. *See also Moore v. Maine Department of Manpower Affairs,* 388 A.2d 516, 519 (Me.1978).

Furthermore, in *Sheink,* 423 A.2d at 522, we held that persistent incidents of rudeness and inaccuracy by an employee that continued despite several warnings by the employer objectively manifested an intentional and substantial disregard of the employer's interest. The instant record also supports a conclusion that plaintiff persistently performed his work carelessly despite warnings. His leaving early and arriving late without notifying the proper people constitutes another factor to be considered in addition to his persistent failure to properly perform other duties. Taken as a whole, the record in the instant case, as in *Sheink,* supports the conclusion that his persistent failure to perform his work duties properly resulted from his unwillingness to work to the best of his ability rather than mere employee incompetence. Also here, as in *Sheink,* this failure related to central aspects of his work rather than an inability to conform to employer standards regarding merely peripheral tasks. Accordingly, we conclude that the Commission properly determined that the employee's conduct, taken as a whole, manifested an intentional and substantial disregard of the employer's interests.

The entry is:

Appeal denied.

Judgment of the Superior Court affirmed.

All concurring.