**Paul W. THOMPSON**

v.

**MAINE UNEMPLOYMENT INSURANCE COMMISSION, et al.**

Supreme Judicial Court of Maine.

Argued March 8, 1985.

Decided April 2, 1985.

Steven C. Fletcher (orally), Rockland, for plaintiff.

James E. Tierney, Atty. Gen., Leanne Robbin, Asst. Atty. Gen. (orally), Augusta, for defendants.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

The plaintiff-claimant, Paul W. Thompson, appeals from a judgment of the Superior Court (Kennebec County) affirming a decision of the defendant Employment Security Commission (the "Commission") (now known as the Unemployment Insurance Commission). The Commission decided that plaintiff was discharged from his employment with defendant Bath Iron Works Corporation ("BIW") for misconduct connected with work within the meaning of 26 M.R.S.A. §§ 1043(23) (1974) and 1193(2) (Supp.1984–1985). Plaintiff contends that the Commission erred in concluding that his behavior constituted misconduct connected with his work. We find no error and deny the appeal.

Plaintiff was employed as a machinist by BIW from December 1977 to February 4, 1983. Plaintiff and a co-employee of BIW,

Henry Teirila, became involved in an ongoing dispute that originated beyond the bounds of BIW property. Mr. Teirila testified that he complained to the police that plaintiff was harassing him, and caused a summons to be served on plaintiff asking him "to not harass us with his motor vehicle." The hearing date for the harassment complaint was set for mid-February 1983.

Plaintiff and Mr. Teirila worked on opposite sides of the BIW machine shop. Ordinarily, their only contact at work came when plaintiff walked by Mr. Teirila's work area on the way either to the tool chest or bathroom. On January 31, 1983 shortly before the work shift began, plaintiff was walking in the fire lane on the way to the bathroom. As plaintiff neared Mr. Teirila's work area, he began to holler at Mr. Teirila. Plaintiff admitted that he told Mr. Teirila that Mr. Teirila was costing him a lot of money—a reference to the harassment complaint. Mr. Teirila testified that plaintiff told him that "on the 15th he said you've got to get some protection and I asked him I said what do I need protection for and he says (inaudible) he said I'm going to shoot your, I'm going to kill you, raised his hand like that and went bang bang." A third BIW machinist testified that he heard plaintiff tell Mr. Teirila, "I'll get ya", and that when plaintiff said "I'll get ya," plaintiff's hands were positioned as though he were holding a gun. Plaintiff denied threatening to kill Mr. Teirila.

On February 2, 1983, another confrontation took place between plaintiff and Mr. Teirila near Mr. Teirila's work area. This time plaintiff repeatedly shouted, "you got a problem," to Mr. Teirila—apparently another reference to the harassment complaint.

Mr. Teirila testified that he reported the January 31 incident to his "lead man" because he "figured someone ought to know it if I'm going to get shot." Mr. Teirila told the Commission that he did not bother to report the February 2 incident because plaintiff "went and got his shop steward right there." The employment representa-

tive at BIW testified that plaintiff was discharged for violation of Company Rule 28—"Threatening, intimidating, coercing or interferring with any person or taking any action that would result in injury to any person on company premises."

Where, as here, the Superior Court ruled on the basis of the Commission's record, the Law Court will review the record directly as it was developed before the Commission. *See Nancy W. Bayley, Inc. v. Maine Employment Security Commission*, 472 A.2d 1374, 1377 (Me.1984). The Law Court shall determine whether "the Commission abused its discretion, committed an error of law, or made findings not supported by substantial evidence in the record." (citations omitted). *See Keith v. Saco River Corridor Commission*, 464 A.2d 150, 153 (Me.1983).

We begin with the statute. Section 1193(2) of the Maine Employment Security Law provides that an individual will be temporarily disqualified from receiving unemployment benefits if the Commission finds that "he has been discharged for misconduct connected with his work." Section 1043(23) defines "misconduct":

> "Misconduct" means evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has a right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.

The Employment Security Law is to be liberally construed to further its primary purpose, which is the amelioration of unemployment hardship. *See Cornwall Industries, Inc. v. Maine Department of Manpower Affairs, Employment Security Commission*, 351 A.2d 546, 552 (Me.1976).

In *Moore v. Maine Department of Manpower Affairs*, 388 A.2d 516, 519 (Me. 1978), we stated that before finding employee "misconduct", the Commission must determine whether the employee's conduct is "upon an objective standard, unreasonable under all the circumstances of the case." For a finding of misconduct, *Moore* requires a determination not only that the employer has a reasonable standard for discharge, but also that the employee acted unreasonably in failing to meet that standard. *See id.*

The Commission concluded that BIW "had a right to expect that employees would refrain from behavior that is threatening or intimidating to other employees, or behavior designed to provoke disquietude at the workplace." The plaintiff does not dispute that BIW's rule is reasonable. We find no error in the Commission's conclusion concerning the reasonableness of the expectations expressed by BIW's Rule 28.

From an examination of the reasonableness of the employer's standard, we turn our attention to the conduct of the employee as it relates to that standard. As we said in *Sheink v. Maine Department of Manpower Affairs*, 423 A.2d 519, 522 (Me. 1980), "the Commission examines the employee's behavior as the *objective* manifestation of intent. It is not an essential of misconduct, as defined in the statute, that the employee have actual subjective intent to disregard the employer's interests. It is sufficient ... that the employee's conduct was of a type, degree, or frequency that was so violative of employer interests" that the conduct amounts to an intentional disregard of those interests. In the present case, the Commission concluded that plaintiff's conduct in "commencing verbal confrontations, as well as threatening the other machinist, ... deliberately violat[ed] the standards of behavior the employer has a right to expect from his employees." We agree.

Plaintiff presents two arguments for reversing the Commission's conclusion. First, plaintiff argues that his conduct does not constitute an intentional disregard of BIW's interests because BIW did not give him proper warning of its displeasure. Although it is true that misconduct may be found in persistent conduct inimical to the employer's interest and in spite of repeated warnings, *see e.g., Tompkins v. Maine Unemployment Insurance Commission,* 487 A.2d 267, 268, 270 (Me.1985); *Nisson v. Maine Employment Security Commission,* 455 A.2d 945, 950 (Me.1983); *Sheink,* 423 A.2d at 522, persistent conduct and warnings are not required to make a proper finding of misconduct. Plaintiff's threat to shoot a co-worker on the employer's premises is the type of conduct that constitutes an intentional disregard of the employer's reasonable interests, without regard to the number of threats or presence of employer warnings.

Second, plaintiff contends that "[t]here was no showing of any impact upon the employer's interests ...." Plaintiff asserts that any violation was "miniscule." Plaintiff's argument is not supported by the record. Mr. Teirila was upset by the January 31 and February 2 incidents and was calmed down by fellow employees during working hours. Further work time was consumed in bringing these incidents to the attention of supervisors.

The entry is:

Judgment affirmed.

All concurring.