**Sharon POOR**

v.

**MAINE UNEMPLOYMENT INSURANCE COMMISSION et al.**

Supreme Judicial Court of Maine.

Argued March 2, 1987.

Decided March 25, 1987.

Bornstein & Hovermale, Douglas S. Kaplan (orally), Portland, for Poor.

Bernstein, Shur, Sawyer & Nelson, Catherine O'Connor (orally), Portland, for Freeport Public Schools.

James Tierney, Atty. Gen., Pamela Waite (orally), David Perkins, Asst. Attys. Gen., Augusta, for Unemployment Ins. Com'n.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, and SCOLNIK, JJ.

GLASSMAN, Justice.

The plaintiff, Sharon Poor (Poor), appeals from the judgment of the Superior Court, Cumberland County, affirming the decision of the Maine Unemployment Insurance Commission (Commission) that Poor voluntarily left her "regular employment" as that term is defined in 26 M.R.S.A. § 1043(22) (1974). Poor contends that the Commission erroneously determined that her employment with the Freeport School Department was regular employment within the meaning of the statute. We find no error in the decision of the Commission and affirm the judgment of the Superior Court.

On November 4, 1984, Poor began working for the Freeport School Department serving lunches at an elementary school. Poor accepted the job for an indefinite duration. She worked on weekdays whenever school was in session from 11:30 a.m. until 1:00 p.m. In March 1985 Poor obtained a second job as a bookkeeper at South Freeport Marine, Inc. She worked there on weekdays from 8:00 a.m. to 5:00 p.m., but retained her lunchtime job. On October 21, 1985, South Freeport Marine, Inc. terminated Poor's employment. On November 12, 1985 Poor voluntarily left her lunchtime job with the Freeport School Department.

Following her separation from South Freeport Marine, Inc. and prior to her leaving the Freeport School Department, Poor applied for and received partial unemployment benefits. Later, a deputy's decision disqualified Poor from receiving unemployment benefits for a stated period after November 10, 1985, because she voluntarily left her regular employment with the Freeport School Department without good cause attributable to such employment. See 26 M.R.S.A. § 1193(1)(A) (Pamph.1986). Poor appealed to the Appeal Tribunal and then to the Commission. The issue presented was whether Poor's job serving lunches for the Freeport School Department was "regular employment" as that term is used in the Employment Security Law.

The Appeal Tribunal held that if a position is intended to be permanent or of indefinite duration it is regular employment, regardless of an individual's customary occupation. Based on the finding that Poor accepted the job with the Freeport School Department with the understanding that it was for an indefinite duration and that she then worked for about one year, the Appeal Tribunal determined that it was "regular employment." The Commission affirmed and adopted the Appeal Tribunal's decision. The Superior Court affirmed the Commission's decision, and Poor appeals.

When the Superior Court rules on the basis of the Commission's record, we review directly the record developed before the Commission to determine whether the Commission abused its discretion, committed an error of law or made findings not supported by substantial evidence in the record. *Thompson v. Maine Unemployment Insurance Commission*, 490 A.2d 219, 222 (Me.1985).

On appeal, Poor does not challenge the finding of the Commission that her job with the Freeport School Department was not a temporary or odd job but contends that the Commission erred in not considering whether it was outside her customary occupation.

26 M.R.S.A. § 1043(22) (1974) defines "regular employment" as "work at the individual's customary trade, occupation, profession or business as opposed to temporary or odd job employment outside of such customary trade, occupation, profession or business."

We agree with the Commission's decision affirming and adopting the decision of the Appeal Tribunal. As defined by section 1043(22), to be other than regular employment, the employment must be *both* a temporary or odd job and outside of one's customary trade, occupation, profession or business. Poor's job with the Freeport School Department was not a temporary or

odd job, thus it was not necessary for the Commission to determine whether it was outside her customary occupation. The Commission correctly concluded that Poor's job with the Freeport School Department was "regular employment" as defined by 26 M.R.S.A. § 1043(22) (1974).

The entry is:

Judgment affirmed.

All concurring.