STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: AP-11-42
JAW - CUM - 4/2/2012

RSVP BEVERAGE AND
REDEMPTION CENTER

Petitioner,

v.

UNEMPLOYMENT INSURANCE
COMMISSION

Respondent,

STATE OF MAINE
Cumberland, ss, Clerk's Office

APR 02 2012

RECEIVED

## RULE 80C ORDER AND DECISION

Before the court is an appeal of the decision of the Unemployment

Insurance Commission, pursuant to M.R. Civ. P. 80C. The Petition was filed on

September 16, 2011. All briefs in this case were timely filed according to this

court's October 24, 2011 Notice and Briefing Schedule. Oral argument on the

Petition was held on February 8, 2011.

## BACKGROUND

This case arises from the employment of Jonathan Martin, a liquor driver

for RSVP Beverage and Redemption Center ("RSVP" or "Petitioner"). Mr.

Martin was employed by RSVP from June 16, 2008 to May 5, 2011. (R. 20.)

During the course of Mr. Martin's employment he often arrived late to work and

was frequently absent. (R. 21.) Mr. Martin underwent surgery to remove sinus

polyps and was excused from work from April 12, 2011 to April 18, 2011. (R. 78.)

After April 18, 2011, Mr. Martin was late to work seven times over a three-week

1

period. (R. 68.) On May 5, 2011, Steven Sullivan, co-owner of RSVP, discharged Mr. Martin from employment because of his absenteeism and tardiness. (R. 36.)

Mr. Martin sought unemployment benefits from the State of Maine but was initially denied because his discharge from employment was deemed to be due to misconduct. (R. 75.) Mr. Martin requested a hearing to appeal this determination. (R. 88.) That hearing was held on July 19, 2011 by telephone in front of Unemployment Insurance Commission Hearing Officer Alexander Cuprak, attended by Stephen Sullivan and John Martin. (R. 24.)

The Hearing Officer introduced the Notice of Hearing and the Deputy's Decision into evidence and proceeded to question Mr. Martin and Mr. Sullivan regarding the circumstances of Mr. Martin's dismissal. (R. 32-33.) Mr. Martin presented several exhibits containing medical information for the purposes of establishing that his absences and tardiness were due to illness and to show that he made serious attempts to improve his conduct. (R. 45, 47.) Mr. Martin requested that the first exhibit not be shared with RSVP because it contained confidential information. (R. 46.) Because Mr. Martin would not allow the Petitioner access to the document, the Hearing Officer excluded that document from the record. (R. 57-58.) The Hearing Officer also excluded exhibits marked 3 and 4, stating that they are hearsay statements and RSVP had not been given the opportunity to cross-examine the witnesses. (R. 62.) The exhibit marked "2" was admitted into evidence by the Hearing Officer. (R. 61.) This exhibit is a doctor's note requesting that Mr. Martin be excused from work from April 12, 2011 through April 18, 2011 in order to recovery from surgery. (R. 78.)

2

The Hearing Officer issued a written decision on July 25, 2011 finding that Mr. Martin's discharge was not due to misconduct because his absences and tardiness were due to illness. Specifically, the Hearing Officer found:

> The claimant suffered from a medical condition in his nasal passages that promoted chronic sinusitis and rendered the claimant susceptible to common colds. This medical condition also adversely affected the claimant's ability to sleep at night, causing him to oversleep in the morning. The claimant also suffers from a psychological condition that would affect his ability to sleep at night and would cause him to oversleep in the morning.

(R. 21.) Therefore, the Hearing Officer found that Mr. Martin's tardiness and absenteeism was not "a culpable breach of his duties or obligations to the employer." (R. 22.) Mr. Martin's unemployment benefits were reinstated and charged against RSVP's experience rating record.

RSVP made a timely request for appeal to the Maine Unemployment Insurance Commission pursuant to 26 M.R.S § 1194(5). (R. 5-19.) A majority of the Commission affirmed and adopted the Administrative Hearing Officer's findings of fact and conclusions, denying further appeal. (R. 1-2.) This appeal, pursuant to M.R. Civ. P. 80C, followed.

## DISCUSSION

The court's power to review decisions of a state agency is confined to an examination of "whether the [agency] correctly applied the law and whether its fact findings are supported by any competent evidence." *McPherson Timberlands, Inc. v. Unemployment Ins. Comm'n*, 1998 ME 177, ¶ 6, 714 A.2d 818, 820. The court may only reverse or modify an administrative agency's decision if it is based upon "bias or error of law," is "unsupported by substantial evidence on the whole record," is "arbitrary and capricious," or involves an "abuse of discretion" by the agency. 5 M.R.S. §§ 11007(4)(C)(4)-(6) (2011).

3

Additionally, the court cannot substitute its judgment for that of the agency on questions of fact; that is, findings of fact must be affirmed unless clearly erroneous. 5 M.R.S. § 11007(3) (2011); *Green v. Comm'r of the Dep't of Mental Health, Mental Retardation & Substance Abuse Servs.*, 2001 ME 86, ¶ 9, 776 A.2d 612, 615. "[U]nless the record before the [agency] compels a contrary result," the court will uphold the agency decision. *McPherson*, 1998 ME 177, ¶ 6, 714 A.2d at 820. Finally, "the burden of proof clearly rests with the party seeking to overturn the decision of an administrative agency." *Seven Islands Land Co. v. Me. Land Use Regulation Comm'n*, 450 A.2d 475, 479 (Me. 1982).

The underlying issue in this appeal is whether Mr. Martin's discharge from employment was due to "misconduct," as defined by 26 M.R.S. § 1043(23), or whether he is allowed benefits, subject to other eligibility criteria. "Misconduct" is defined as "a culpable breach of the employee's duties or obligations to the employer or a pattern of irresponsible behavior, which in either case manifests a disregard for a material interest of the employer." 26 M.R.S. § 1043(23) (2011). Therefore, the employer has the burden of proving either culpable breach of the employee's duties or a pattern of irresponsible behavior and that this conduct manifests a disregard for the material interests of the employer.

Culpable conduct is measured by an "objective manifestation of intent." *Dobbins v. State*, 2005 Me. Super. LEXIS 97, * 5 (Sept. 22, 2005) (*quoting Sheink v. Me. Dep't of Manpower Affairs*, 423 A.2d 519, 522 (Me. 1980)). That is:

> It is not an essential element of misconduct, as defined in the statute, that the employee have actual subjective intent to disregard the employer's interests. It is sufficient if the Commission justifiably determines that the employee's conduct was of a type, degree, or frequency that was so violative of employer interests that it may

4

> reasonably be deemed tantamount to an intentional disregard of those interests.

*Sheink v. Me. Dep't of Manpower Affairs*, 423 A.2d 519, 522 (Me. 1980). The statute provides further guidance by creating a presumption of misconduct for certain acts or omissions, as long as the employer can demonstrate "a culpable breach or a pattern of irresponsible behavior." 26 M.R.S. § 1043(23)(A).[1] However, section 1043(23)(B) prohibits a finding of misconduct based solely on "absenteeism caused by illness of the employee…if the employee made reasonable efforts to give notice of the absence and to comply with the employer's notification rules and policies." 26 M.R.S. § 1043(23)(B)(2).

The Petitioner argues that the Hearing Officer's decision contains clearly erroneous factual findings and is not supported by evidence in the record. Specifically, the Petitioner argues that the findings (1) that Mr. Martin's condition in his nasal passages promoted chronic sinusitis and made him susceptible to common colds and (2) that Mr. Martin suffers from a psychological condition that affects his ability to sleep and causes him to oversleep are contrary to the record. (Pet. Br. 6-9.) The Petitioner also argues that the exception contained in section 1043(23)(B) does not apply to this case because Mr. Martin was dismissed for tardiness, not absences, and because Mr. Martin failed to give reasonable notice to the employer as required. (Pet. Br. 9; Pet. Reply 4-6.)

There is no evidence in the record that Mr. Martin's sinus problem led in any way to suffering from colds. In fact Mr. Martin stated, "I for some reason I have a history of, you know, the flu, getting sick quite a bit…." (R. 65.) The doctor's note admitted into evidence as exhibit 2 (R. 78) provides no relevant

---

[1] Although this section was added by P.L. 1999, c. 462, § 2, the older case law discussing establishing the objective standard appears to still apply to this analysis. *See Ellery v. Me. Unemployment Ins. Comm'n*, 1999 ME 194, ¶ 17, 742 A.2d 928.

information. The only evidence in the record indicating that Mr. Martin's tardiness problem was a consequence of illness is the testimony of Mr. Martin. However, despite earlier questions about his tardiness in general, when asked why he was tardy after having surgery to fix his sinus problem, Mr. Martin stated: "Just – I – to be honest, basically, I can't describe why I was late." (R. 69.) The only evidence suggesting that Mr. Martin suffers from a psychological condition that affects his ability to sleep is contained in the exhibits that the Hearing Officer excluded from the record and, thus, cannot be relied on to support the decision. The court agrees that the record does not support the Hearing Officer's factual findings that Mr. Martin's tardiness was caused by illness from his sinus condition or psychological condition.

Additionally, the Hearing Officer's interpretation of section 1043(23)(B) to include "tardiness" within "absenteeism" is overly broad and the record does not support the conclusion that the elements of the exception were established. Even if absenteeism were properly construed to include tardiness, the statute requires that the employee make reasonable efforts to give notice to the employer and to comply with any of the employer's rules regarding notice. The Hearing Officer did not make any findings that Mr. Martin made any reasonable efforts to give notice of his tardiness. In fact, the Petitioner states that he was unaware of the reasons behind Mr. Martin's chronic tardiness. (R. 40.) Mr. Martin made no efforts to inform his employer of his illness and its causal effect on his ability to be present and punctual for work. While the record does not reflect that the Petitioner has a specific notification policy regarding tardiness, it does show that there was a notice policy regarding absenteeism and a rule regarding dismissal due to tardiness. The fact that the Petitioner did not have a notice procedure

6

regarding tardiness does not relieve the employee from the first prong of the exception requiring reasonable notice.

The agency's decision that Mr. Martin's actions were not "misconduct" under the statute is unsupported by the record before the agency. The record does not support findings of fact regarding the employee's illness. The agency's conclusion that the exception in 26 M.R.S. § 1043(23)(B) is applicable is in error because there is no support for finding that the employee's post-surgery tardiness was due to illness and no finding was made, and the record does not support any finding, that the employee made reasonable efforts to give the employer notice of his chronic illness and consequent chronic tardiness.

**The entry is:**

Because the decision of the Maine Unemployment Insurance Commission is unsupported by substantial evidence on the whole record, the decision of the Commission is REVERSED. The dismissal shall not be charged against RSVP Beverage and Redemption Center and Mr. Martin's period of disqualification established by the Maine Department of Labor, Bureau of Employment Security is reinstated.

DATE: 3/20/12

Joyce A. Wheeler
Justice, Superior Court

Petitioner-Robert Kline, Esq.

Respondent-Elizabeth Wyman, AAG

7