STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-16-05

DONALD C. BARRY,

        Petitioner

v.

UNEMPLOYMENT INSURANCE
COMMISSION,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)

**ORDER ON RULE 80C APPEAL**

## I.    Background

Petitioner Barry was employed full-time by Employer SAPPI paper mill from 1986 to November 15, 2014. (R. at 32). Barry's final rate of pay was $31.00 per hour. (R. at 32).

The Employer had a policy requiring employees to call to report an absence prior to the start of their shift. (R. at 32). The employer's rules were written in the labor agreement which was distributed to all employees. (R. at 32).

On March 26, 2014, Barry failed to call in prior to the start of his shift and was absent. (R. at 33). Barry was hospitalized and unconscious due to pancreatitis and diabetes. Id. He called in as soon as he awoke at approximately 7:00 am. Id. The Employer issued him a written warning. (R. at 33).

On May 2, 2014, the Employer issued Barry another written warning and a one-day suspension for failing to call out or appear for his scheduled shift. (R. at 33). Barry did not wake up to his alarm because of his alcoholism. (R. at 33).

Again, due to his alcoholism, Barry did not show up for his shift or call in early on August 18, 2014. (R. at 33). At that time, the Employer gave Barry a Last

1

Chance Agreement. (R. at 33). The Last Chance Agreement stated that Barry's employment would be terminated for any future policy violations in the next two years. (R. at 33). At that time, the Employer suggested that Barry seek treatment for his alcoholism. (R. at 33).

On November 16, 2014, Barry did not show up for work or call out in advance because of his alcoholism. (R. at 33). Barry informed the Employer a few days thereafter that he was pursuing long-term alcohol treatment. (R. at 33). Barry was hospitalized in Maine for eight days. (R. at 33). The Employer helped Barry find an out of state treatment facility and put Barry on unpaid family medical leave. (R. at 33).

Barry returned from treatment and met with the Employer on January 12, 2015, to discuss and investigate the absence on November 16, 2014. (R. at 33). On February 2, 2015, the Employer terminated Barry's employment for poor attendance and failure to notify the Employer of his absences. (R. at 33).

Barry's application for unemployment was denied on March 30, 2015. (R. at 78-79). Barry appealed to the Division of Administrative Hearings, which held a hearing on April 27, 2015. (R. at 36-74). On May 6, 2015, the Hearings Officer issued a determination affirming the denial of benefits based upon a finding of misconduct pursuant to 26 M.R.S. § 1043(23). Upon appeal to the State of Maine Unemployment Insurance Commission (the "Commission"), the Commission issued a determination on September 29, 2015, affirming and adopting the Hearing Officer's decision, with additional findings and reasoning. (R. at 22-27). Barry requested reconsideration of the Commission's decision. (R. at 5-14). The Commission issued a decision upholding the September 29, 2015 decision, and making certain additions and modifications. (R. at 1-4).

2

Barry filed for administrative review of the Commission's decision with the Superior Court. Barry seeks an order reversing the Commission's decision finding that he was discharged for misconduct and therefore ineligible to receive unemployment insurance benefits.

II.     Standard of Review

When the Court reviews a decision of the Maine Unemployment Insurance Commission, its review "is limited to determining whether the Commission correctly applied the law and whether its fact findings are supported by competent evidence." *McPherson Timberlands v. Unemployment Ins. Comm'n*, 1998 ME 177, ¶ 6, 714 A.2d 818. This standard of review "is identical to the 'clear error' standard used by the Law Court." *Gulick v. Bd. of Envtl. Prot.*, 452 A.2d 1202, 1207-08 (Me. 1982). The Court must not disturb the decision of the Commission "unless the record before the Commission compels a contrary result." *Id; see also Gerber Dental Ctr. v. Maine Unemployment Ins. Comm'n*, 531 A.2d 1262, 1263 (Me. 1987). The Court must examine the entire record in order to determine whether the Commission could fairly and reasonably find the facts as it did. *See* 5 M.R.S.A. § 11007(4)(C)(5); *Clarke v. Maine Unemployment Ins. Comm'n*, 491 A.2d 549, 552 (Me. 1985).

The burden is on the petitioner to prove that "no competent evidence supports the [agency's] decision and that the record compels a contrary conclusion." *Bischoff v. Maine State Ret. Sys.*, 661 A.2d 167, 170 (Me. 1995) (citation omitted); *see also Seven Islands Land Co. v. Maine Land Use Regulatory Comm'n*, 540 A.2d 475, 479 (Me. 1982). Additionally, the Court may not substitute its judgment for that of the agency simply because the evidence could

3

give rise to more than one result. *See Dodd v. Sec'y of State*, 526 A.2d 583, 584 (Me. 1987); *Gulick*, 452 A.2d at 1209.

### III. Discussion

An unemployed individual is disqualified from the receipt of unemployment benefits where the individual was discharged for misconduct. 26 M.R.S. § 1193. Misconduct is defined as "a culpable breach of the employee's duties or obligations to the employer or a pattern of irresponsible behavior, which in either case manifests a disregard for a material interest of the employer." 26 M.R.S. § 1043(23). The statute provides examples of acts or omissions that are presumed to be misconduct including: "(2) Unreasonable violation of rules that are reasonably imposed and communicated and equitably enforced; … (4) Failure to exercise due care for punctuality or attendance after warnings". 26 M.R.S. § 1043(23)(A). However, the statute also provides that "'Misconduct' may not be found solely on: … (2) Absenteeism caused by illness of the employee or an immediate family member if the employee made reasonable efforts to give notice of the absence and to comply with the employer's notification rules and policies". 26 M.R.S. § 1043(23)(B).

The parties agree that Barry's employment was terminated. Barry challenges the determination by the Commission upholding the Hearing Officer's determination that Barry's employment was terminated for misconduct. The Commission affirmed the Hearing Officer's reasoning that the Employer's rule was reasonable and that "claimant's failure to show up to work as scheduled and to contact the employer to notify them of his absence was a culpable breach of his duties or obligations to the employer." (R. at 34). The Hearing Officer

4

found, and the Commission affirmed, that Barry's failure to call in or show up for shifts after he was given warnings about this behavior displayed a "manifest disregard for a material interest of the employer."

Barry disputes the determination that his employment was terminated for misconduct. He does not dispute that he failed to call in or show up for his shift on multiple occasions, however, he does dispute the finding that his absences amounted to manifest disregard for the interests of the Employer. Barry argues that his absences were because of an illness, namely alcoholism, and that his efforts to contact the Employer as soon as he was able were reasonable. Therefore, pursuant to the exception to disqualification for absences due to illness found in 26 M.R.S. § 1043(23)(B), Barry argues that no competent evidence supports the decision of the Hearing Officer.

The Court first looks to whether the determination that Barry's conduct falls into a behavior listed in 26 M.R.S. § 1043(23)(A) as presumptively misconduct is supported by evidence in the record. An unemployed individual who is fired for "[u]nreasonable violation of rules that are reasonably imposed and communicated and equitably enforced" presumptively was fired for misconduct. *See* 26 M.R.S. § 1043(23)(B). The Court has interpreted this to mean that a finding of misconduct may follow determinations that an employer's rule is objectively reasonable and that the employee acted unreasonably by failing to comply with the rule. *See Thompson v. Maine Unemployment Ins. Com.*, 490 A.2d 219, 222 (Me. 1985). Therefore, it is not enough that an employee violated a rule for a finding of misconduct. The Commission must find that the employee acted unreasonably under the circumstances. *Moore v. Maine Dep't of Manpower Affairs,*

*Employment Sec. Com.*, 388 A.2d 516, 519 (Me. 1978). The Court must look to the employee's

> *objective* manifestation of intent. It is not an essential of misconduct, as defined in the statute, that the employee have actual subjective intent to disregard the employer's interests. It is sufficient if the Commission justifiably determines that the employee's conduct was of a type, degree, or frequency that was so violative of employer interests that it may reasonably be deemed tantamount to an intentional disregard of those interests.

*Sheink v. Maine Dep't of Manpower Affairs*, 423 A.2d 519, 522 (Me. 1980). The Law Court has affirmed instances of negligent driving as misconduct. *See McInnis v. Maine Unemployment Ins. Comm'n*, 513 A.2d 857, 859 (Me. 1986); *Forbes-Lilley v. Maine Unemployment Ins. Comm'n*, 643 A.2d 377, 379 (Me. 1994). The Courts have also found that findings of misconduct were supported where an employee refused to follow the employer's instructions (*Connolly v. Maine Unemployment Ins. Comm'n*, AP-2003-025, 2004 Me. Super. LEXIS 181 (Aug 30, 2004)), refused to participate in a training program (*Ellery v. Dep't of Labor Unemployment Ins. Comm'n*, 1999 ME 194, ¶¶ 15-17, 742 A.2d 928), or ignored the employer's warnings concerning accuracy in work product (*Sheink*, 423 A.2d at 522 (Me. 1980)). These determinations by the Law Court suggest that negligent violations of reasonable rules and overt indifference for employers interests may be sufficient for a finding of manifest intent and may be considered misconduct.

The parties do not dispute that the Employer's attendance rule was objectively reasonable. The issues before the Court are whether the application of the rule to Barry in this case was reasonable and whether his failure to strictly adhere to the rule demonstrates an intent to disregard the Employer's interests.

Unlike the cases above where misconduct was found based upon failure to comply with a rule by lack of reasonable care or by blatant indifference, in this

6

case, Barry failed to comply with the rule because he was unable to as a result of illness. The Commission found that Barry was unable to call in or show up for his shift because of his alcoholism. Barry subsequently made reasonable efforts to contact the Employer. Barry's actions as described in the record do not support a finding of objective intent to disregard the interests of Employer. When viewed in light of all circumstances, there is no evidence to support a determination that Barry acted unreasonably.

Even if the Court were to find that Berry violated a rule that was reasonably applied to him, the Court would then look to whether the reason for the absences triggers the exception to disqualification found in 26 M.R.S. § 1043(23)(B). The Court finds that the Hearing Officer's determination of misconduct is contrary to the Hearing Officer's determination that Barry was unable to call the Employer because he was ill. Barry's inability to call the Employer due to illness, and his efforts to call once he was able, fall squarely into the exception carved out to the presumption of misconduct for absenteeism.[1]

The Court finds that no competent evidence on the record supports Commission's determination that Barry is disqualified from the receipt of unemployment insurance benefits for misconduct.

---

[1] The Commission denied application of the exception to disqualification found in 26 M.R.S. § 1043(23)(B) in this case because "the claimant did not take steps necessary to ensure that his illness would not result in another rule violation". Had there been steps that Barry could have taken to prevent future rule violations, and had he chosen not to take them, then the reasoning of the Commission would be sound. The Commission does not suggest any steps that Barry could have taken that would have accomplished this end. Because there is no support in the record for a finding that Barry could have prevented future disruption by taking certain actions and chose not to, the Court finds that the Commission's determination is unsupported.

7

IV.    Conclusion

The Court reverses the determination of the Commission.

The Clerk is directed to incorporate this Order into the docket by reference in accordance with M.R. Civ. P. 79(a).

DATE: 10/13/10

_____
Michaela Murphy
Justice, Superior Court